**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHNIE OLIVER, JR., | : | PRISONER HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:16-CV-1726-WSD-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, Johnie Oliver, Jr., confined in the DeKalb County Jail in Decatur, Georgia, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1.][1] Petitioner has neither paid the $5.00 filing fee nor sought leave to proceed *in forma pauperis*. For the purpose of dismissal only, Petitioner is **GRANTED** leave to proceed *in forma pauperis*.

The matter is before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section

---

[1] Petitioner also submitted a "constitutional demand for a speedy trial," which the Clerk docketed as a motion [Doc. 2], and a motion to dismiss [Doc. 3]. Petitioner labeled both of those documents as filed in the DeKalb County Superior Court. [*See* Doc. 2 at 1; Doc. 3 at 1.] It appears that Petitioner intended both documents to serve as attachments or supplements to his § 2241 petition. Accordingly, the Clerk is **DIRECTED** to terminate Documents 2 and 3 and update the docket sheet to reflect that they are attachments or supplements to the § 2241 petition.

2241 actions, as provided in Rule 1(b). Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"). For the reasons given below, the undersigned recommends that the § 2241 petition be dismissed without prejudice.

I.   Discussion

Petitioner states that he has been held for seventeen months on charges of murder, aggravated assault, and possession of a firearm by a convicted felon. [Doc. 1 at 1-2, 6, 8.] Although Petitioner initially states that he has not appeared in court on those charges, he later states that Attorney Daryl Queen represented him at his preliminary hearing, arraignment, and plea. [*Id.* at 6; Doc. 1-1 at 5-6, 13; Doc. 1-2 at 1.] Petitioner seeks dismissal of the charges against him. [Doc. 1 at 8.]

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court reaffirmed "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions." *Younger*, 401 U.S. at 53. "The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his

2

federal constitutional rights." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (per curiam). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.*

In the present case, all three requirements of *Younger* abstention are satisfied. Petitioner's state criminal proceeding is ongoing, such a proceeding implicates important state interests in enforcing criminal law, and Petitioner has an adequate opportunity to raise constitutional challenges in that proceeding. Because *Younger* prohibits this Court from interfering in Petitioner's state criminal proceeding, his § 2241 petition should be dismissed without prejudice. *See Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (per curiam) ("A dismissal pursuant to the *Younger* doctrine is without prejudice, and does not preclude later re-filing of the [petition].").

Although Petitioner cannot obtain relief in federal court, he may file a petition for a writ of habeas corpus in state court pursuant to O.C.G.A. § 9-14-1(a). Petitioner does not allege that he sought state habeas relief. Petitioner's failure to exhaust his state court remedies further prevents this Court from granting federal habeas relief. *See* 28 U.S.C. § 2254(b)(1) & (c).

3

II.     Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

4

A certificate of appealability should be denied because it is not debatable that *Younger* prohibits federal court interference in Petitioner's ongoing state criminal proceeding. If the Court adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

III. Conclusion

Based on the foregoing, Petitioner is **GRANTED** leave to proceed *in forma pauperis* for the purpose of dismissal only. The undersigned **RECOMMENDS** that the § 2241 petition [Doc. 1] be **DISMISSED WITHOUT PREJUDICE** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED**, this 8th day of June, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE